Tayzor, Chief-Justice.
 

 The substance of Thomas Stephenson’s will is a devise to his son William in fee, a devise to his wife for life, of part of the land, and taking notice that his wife is ensient, a devise of that part to the child, if it should be a son, with cross remainders to him and William. In the event of the death of both without issue, he devises part to his nephew John Stephenson, in fee, and part to his daughter Polly. William the son, and Polly the daughter, are both dead, without issue. The testator’s wife was pregnantbut instead of a son, she was delivered of a daughter, who is the only remaining child of the testator, and is heir at law to William and Polly. This ejectment is brought by the nephew John, against the posthumous daughter? and the question is, whether the limitation over to John can take effect, inasmuch as the contingency, viz. the birth and subsequent death of a son, upon whicli it was made,- never happened. The effect of a construction oí'
 
 *294
 
 Hie will according to its words, and,'as I think, the apParen* intent, will give to the testator’s only child the land in controversy. An opposite construction will, ac-cor(]ing all appearance, disinherit this child in favor of a nephew — a child for whom it was impossible the testator could cherish other feelings, than those of parental tenderness, and the purity of whose, lineage he asserts, by the provision made for the eventual birth of a son.
 

 It is not within the range of probability that a man, knowing his wife to be pregnant, should deliberately make an ample provision for the child, if a son, and
 
 intend
 
 at the same time, that it should be wholly unprovided for, if a daughter ; but it is probable that he omitted to provide for a daughter, only because such an event did not present itself to his contemplation, and that his mind was diverted from it by arranging the limitations over in the event of the birth of one son, and the death of both without issue.
 

 The testator, when he made his will, had a son and a daughter to provide
 
 for;
 
 and confining his views exclusively to the chance of having another son, he prefers the interest of these two to that of his daughter Polly; but if both his sons should die without issue, he, under the supposition that he should then have but one daughter, which must have been so, unless his wife had twins, calls in his nephew John to share the land with her. In such a state of things, he might probably think there was enough for both. But had he foreseen that, instead of two' sons and a daughter, he would have a son and two daughters, it may he conjectured, that though he might postpone them to William, he would, at least, have placed them on an equality with each other. It has been argued, on the part of the nephew, that where a devise is made after a preceding executory limitation, or is limited to take effect on a condition annexed to any preceding.estate; if that preceding limitation never should
 
 *295
 
 arise or take effect, the remainder over will nevertheless take place, the first estate being considered only as a preceding limitation, and not as a preceding condition to give effect to the subsequent limitations.
 

 That words of condition have been construed as limitations instead of contingencies, a}|j)eaifrfrQm many cases cited for the Plaintiff, and from ripneniore distinctly than
 
 Jones
 
 v.
 
 Westcombe,
 
 in
 
 Eq. Ca. Ab.
 
 and
 
 Strathan
 
 v.
 
 Bell,
 
 in
 
 Cowp.
 
 Rep.; the first of which is a leading case, which has been cited in almost every subsequent one. In that case, the intention could not be doubted, that, failing the child, the estate should go over to the devisees, in all event§. They were the next objects of the testator’s bounty, and there were no children to.be provided for.
 
 In. the other
 
 case, the testator had a wife and a daughter, and he devised to a son, of which he supposed his wife to be
 
 ensient
 
 at the time of making his will, when he should attain his age of twenty-one years; but if a daughter, then one moiety of his estate to his wife, and the other moiety to his two daughters.'(there being one alive at the time) when they should attain their ages of twenty-one, with survivorship as between the daughters ; if both die before twenty-one, their moiety to go to the wife, and her heirs forever; if she died, her share to go to them. The wife proved not to have been ensient,* the testator died, and so did the daughter, without issue and under age. It was held that the wife should take the whole estate.
 

 In the last case there were no children, and the words were construed as a limitation to carry the estate to the wife, rather than as a condition, which would perhaps have given it to a distant heir at law. The construction was evidently made to support the intent; and although I will not say that words havé in every case been construed as a limitation or condition for the sake of supporting the intent, yet in the only cases I can find, where children have been born after making the will, who were
 
 *296
 
 not provided for, or probably thought of, when the will made, such a construction has been made of the •
 
 7
 
 words, either to construe them as limitations or prece-(.c,nt con(]¡tions, as would most effectually guard the interest of the after-born children.
 

 The case
 
 of White
 
 v.
 
 Barber
 
 is a very strong instance, to shew how far a Court will go.towards effectuating the intention, even by supplying words for that purpose. There the devise was to such child or children as the testator’s wife should1 happen to be.
 
 ensient
 
 with, at the time of his death. The testator had only one son at the time of making the will; two were born after the will was made and before his death, but his wife was not
 
 en-sient
 
 at the time of his
 
 decease;
 
 yet the Court held
 
 that
 
 it was manifestly the intention of the testator, to comprehend all the children which should be born of his then wife, whether before or after his
 
 decease;
 
 the Court thinking, that a father,- in making an express provision for any children his wife should be
 
 ensient
 
 with at the time of his decease, could never intend
 
 to
 
 give his estate to such children in exclusion of, or to his nephew (as the event has happened) in preference to, any child or children that might be born in his life-time — (5
 
 Burr.
 
 27OS.) In another case, words have been construed as a condition precedent, rather than a term should go to a devi-see, a grandson, where there was a daughter born
 
 after
 
 making the will. There a term was devised to an infant in
 
 venire sa mere,
 
 if it should be a son
 
 ;
 
 and if it should be a son and die under age, then to tiie testator’s grandson. It proved a daughter, and it was adjudged upon special verdict, that the. executrix, and not the grandson, should have the term, because the grandson was hot to take, but upon a precedent condition, viz. the birth of a son, which did not
 
 happen
 
 —Grascott v.
 
 Warren, (2 Eq. Ca. Ab.
 
 361.) If the position I have advanced needed further confirmation, it will receive it from
 
 Doe
 
 v.
 
 Shippard, (Douglas
 
 75.) There the words were,
 
 *297
 
 •'‘ Ami in case my said daughter Racjiael shall happen to survive the said Thomas Shippard, her husband, then upon trust,” Ac. after which follow the limitations over after the daughter’s death. It happened in event, that the husband survived his wife, and it was held that the limitations over did not take effect, the coritingcncy affecting all the limitations, and operating as a condition precedent.
 

 The case was argued and decided on the ground of intention, to support which, the words were construed a' precedent condition
 
 ;
 
 and with the same object in view, the words in
 
 Jones
 
 v.
 
 Westconibe
 
 were construed a limitation. A Court may supply the omission of express words, if they can discover a plain intent, otherwise they cannot. And although it ought always to be considered what a testator meant to do, as well as what he actually has done, and we are not at liberty to .decide according to what he probably might have done, had a different view of events presented itself to his mind, yet the title of the heir must prevail against mere conjectures.
 

 It is upon this principle,I think, that the contingency upon which the testator designed his nephew John to take the estate, has never happened ; that the fee devised to William, the son, was never displaced or modified,, because a son was not born ,• and that upon William’s death without issue, it descended upon his heir at law. My opinion therefore is, that judgment be rendered for the Defendant.
 

 IIeNdersost, Judge.
 

 I am now satisfied that when this case was here before,
 
 *
 
 the facts then stated were sufficient for a proper decision, and that it was quite, immaterial whether the daughter Polly died during the life of William or not $ the life estate given to her being a circumstance relied on to tie up the general words, dying without issue.
 

 
 *298
 
 On the question now presented, I am of opinion in the cvcn* which has happened, that Stephenson, the lessor of the Plaintiff, takes nothing in the lands in question
 
 ;
 
 for * * a precedent estate becomes a precedent condition, or not to an ulterior limitation, according to the intent. Thus if an estate is devised to A. and his issue, and if he should die without issue,. then to B, and A. should die leaving issue in the life time of the devisor, whereby the estate never vested in A. or his issue, B. would take, álthough A. left
 
 issue;
 
 for by whatever means A’sv estate was out of the way, whether by commencing and expiring, or by not commencing at all, and whether he left issue or not, if that issue could not take, B, by the plain intent, shall takefor the postulatum is, is the estate
 
 ouf of the way ?
 
 and not
 
 how it became
 
 out of the way. So, if a man devise his land to the child with which his wife is pregnant, and if that child should die without issue, then to B, and no child should be born, his wife not being pregnant, B. would take. In each of these cases, the words give way to the intent, there being nothing to control it. But put this case, a man having no child, devises that if his wife should be delivered of a daughter, (the wife being pregnant) that his daughter should have his estate during her life, and after her decease to go to his nephew, and a son is born. The words here do not give the estate to the
 
 nephew;
 
 he is only to have it
 
 after the death
 
 of the daughter, and there was no daughter
 
 to die.
 
 The Court in this case will make the estate to the daughter a condition precedent, that is, they will not vary the natural meaning of the words to carry the estate to the nephew, and leave the son totally unprovided for. We do not want authorities or precedents for this, for they are to be found running through all the cases, either openly avowedfor occultly governing the
 
 decision;
 
 and were there artificial rules intended to aid in establishing the intent (for at last it is nothing but a question of intention) which would lead to a.different result, it would become us to
 
 *299
 
 examine them well, and be assured that the rules were genuine, and that we understood their proper application. Let the principles governing the cases before stated be applied to the one before us : suppose no child had been born, the intent then would have justified a departure from the words, and carried the estate to Stephenson ; for upon the death of William, without issue, there would be no child but was provided for in the manner the testator designed. Polly, his only surviving child, would divide with the nephew as the testator intended. But a daughter is born, and we are called on to put a 'Construction on the words different from that which they naturally bear, to aid a nephew and leave a child entirely destitute, a child who never had offended, and which the testator recognised as his, by directing that should it be a son, he should divide the lands with William. I am aware that if the limitation to Stephenson is not sustained, the one to Polly must fall; be it so — it is better that the lands should remain in William, in fee simple, and descend to his heirs, and Polly be deprived of her limitation', than that Stephenson should take, and a daughter be excluded by constructions only. There are no sufficient grounds afforded to vary the words of the will, and on the will rests the Plaintiff’s title. Were I to hazard a conjecture why no further disposition was made by the devisor in case a daughter should be born and not a son, I would say, that having by the first part of the will given the whole of his lands to William, which were to be divested only by the birth of a son, the ulterior limitations were all bottomed on that event, and if a son was born he did not expect a daughter also at the same birth; if a son was born, which excluded a daughter, he was willing that, on failure of his male descendants, his nephew should share with his daughter Polly, for in that view of the case, there could he but one of his issue to take.
 

 
 *300
 
 But the strong basis of this decision is, that the claims ^le after-born (laughter are stronger than the claims of tiie nephew, and we will not vary the common meaning of the words to let in the claim of the nephew, and thereby leave the daughter entirely destitute. In other words, the devisor has, by the
 
 very language
 
 of the will, made the birtli of a son a condition precedent, and there is no evidence of intent for the Court
 
 to
 
 dispense with the performance of the condition ; indeed, the birth of a daughter furnishes evidence the other way. I think that the Defendant is entitled to judgment.
 

 *
 

 Vide 3 Murph. Rep. 558.