DANIEL McARTHUR and others *v.* JOHN C. McEACHIN and others.

It is not competent for a Superior Court to grant an injunction against an order by County Commissioners within the sphere of their general duties, laying out a public road ; nor can such Court, otherwise than under an *appeal* from such order, rescind it.

(*State* v. *Jacobs*, Bus. 218 ; *Bledsoe* v. *Snow*, 3 Jon. 99, approved.)

INJUNCTION, granted by *Russell, J.,* at Spring Term 1870, of ROBESON Court.

No statement of facts is required. The controversy is the same which appears *ante* 72.

The defendants appealed.

*N. A. McLean,* for the appellants.
*Leitch, contra.*

DICK, J. The Board of Commissioners of Robeson are entrusted with the important public duty, and are invested with the necessary authority to lay off public roads, and build bridges in their county : Special Act 1868–'69, ch. 104.

McArthur and others *v.* McEachin and others.

The manner in which their authority is to be exercised, is regulated by a general statute : Acts of special session 1868, ·ch. 20.   Upon such subjects they possess exclusive original jurisdiction, and are not liable to a civil action at the suit of a party aggrieved by an erroneous discharge of their public duties.   The remedy of such a party can be obtained in the Superior Court on an appeal, or by writ of *certiorari : State v. Jacobs,* Bus. 218 ; *Bledsoe* v. *Snow,* 3 Jon. 99.

The plaintiffs in this action seek to rescind an order made by the Board of Commissioners in the exercise of their legitimate authority, and also to restrain, by injunction, an officer duly appointed by said Board, from discharging his appropriate public duties.

Such remedy cannot be had by a civil action in the Superior Court, which has only appellate jurisdiction in the matter : Cooley on Const. Lim. 408.

The injunction must be vacated, and the proceedings dismissed.

PER CURIAM.                    Ordered accordingly.