T. E. ASHCRAFT and others v. T. N. LEE and others.

Where a petition was filed before the Township Board of Trustees to establish a highway, and the prayer of the petition was granted; and subsequently a petition was filed for the purpose of setting aside the proceeding establishing the highway, and the cause was carried by appeal to the Superior Court: *It was held*, that a motion to amend the original petition establishing a highway, *could not be entertained by the Superior Court*, as a motion in the original cause upon the hearing of the petition to set aside the original proceeding, because no appeal was taken from the ruling of the Township Board of Trustees, establishing said highway; and further, that the Superior Court had no jurisdiction to constitute the petition, as a motion to vacate a road order made in another cause, and before another tribunal.

(*State* v. *Davis*, 68, N. C. Rep. 297; and *Piercy* v. *Morris*, 2 Ired. 168, and 64 N. C. Rep. 454, cited and approved.)

MOTION heard before BUXTON, J., at Spring Term, 1876, of UNION Superior Court.

The facts necessary to an understanding of the case are fully stated in the opinion of the Court.

The motion was overruled and the plaintiffs appealed.

*Dowd,* for appellant.
*Wilson & Son,* contra.

BYNUM, J. This is a petition filed before the Trustees of Lane's Creek Township, in Union County, to discontinue a public highway, theretofore laid out and established in that township. The township, upon the hearing upon the merits, refused to discontinue and dismissed the proceedings. The petitioners appealed to the Board of County Commissioners, who also, upon the hearing refused the application; whereupon an appeal was taken to the Superior Court. In that Court a motion was made by the plaintiffs to amend the petition, so as to make it a motion in the original petition and proceedings, whereby the road was a short time before laid out and established; to the end that the proceedings establishing the said public road might be vacated and set aside. An amendment of the petition for that purpose was wholly inadmissible, because the proceedings establishing the road were had before the Township Trustees, and no appeal having been taken, remained there; whereas, the petition to discontinue the road, and proceedings thereon, by successive appeals had reached the Superior Court. That Court had no jurisdiction to constitute the petition there, a motion to vacate a road order made in another case and before another tribunal.

Even if the Court had the power to make the amendment the exercise of it is a matter of discretion, and no appeal lies from an order disallowing the amendment. *State* v. *Davis,* 68 N. C. Rep., 297; *Piercy* v. *Morris,* 2 Ired., 168; 64 N. C. Rep., 454.

There is no error.

PER CURIAM.                    Judgment affirmed.